```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF VIRGINIA
                           Norfolk Division


MAREE GALLO,                     :
                                 :
     Pro Se Plaintiff,            :
                                 :
v.                               :
                                 :    Civil Action No. 2:06cv212
UNITED STATES OF AMERICA,        :
                                 :
     Defendant.                  :
                                 :
_____:
```

## OPINION AND ORDER

Plaintiff Marie Gallo filed a pro se medical malpractice action against the United States on September 17, 2003--two days before the statute of limitations was to expire.  Approximately two and one half years later, this Court dismissed Gallo's suit without prejudice after she failed to prosecute the case diligently.  Rather than appeal the dismissal, Ms. Gallo filed a second pro se suit.  Because the first action did not equitably toll the running of the statute of limitations applicable to this action, the Court **GRANTS** the United States' Motion to Dismiss.

### I.  Factual and Procedural History

Gallo was treated by the staff at William Beaumont Army Medical Center ("WBAMC") in El Paso, Texas before and during her

1

pregnancy. Twelve months after Gallo gave birth at WBAMC, her child, M.G., was diagnosed with cerebral palsy and periventricular luekomalacia.  Gallo blames WBAMC for her daughter's condition and her own medical problems.

Gallo initially filed an administrative claim on behalf of herself and M.G., requesting $20,000,000 in damages. On March 18, 2003, the United States Army issued a final denial of Gallo's claim. The denial was based on a lack of evidence to support Gallo's allegations of negligence. On September 17, 2003, two days before expiration of the six-month filing period imposed by the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2601, Gallo filed Civil Action No. 2:03cv669 (the "First Action").

Gallo missed numerous deadlines after filing the First Action and did not comply with a single discovery request. In addition, the Court ruled that Gallo could not litigate pro se on behalf of her child.  The Court gave Gallo sixty days to retain counsel for her daughter, Gallo v. United States, 331 F. Supp 2d. 446, 448 (E.D. Va., 2004), but no attorney ever made an appearance.  Gallo thereafter failed to appear for the Final Pre-Trial Conference in the case.

Out of concern for the unrepresented child, and in deference to Gallo's claims of numerous medical problems, the Court continued the case generally.  More inaction followed.  To get the case moving, the Court appointed a highly regarded medical malpractice attorney, Kenneth B. Wills, Esquire, to serve as guardian ad litem for the child.

2

The Court ordered Gallo to meet with Mr. Wills at his office on or before May 15, 2005 and bring with her all records relevant to the case. Gallo did not provide the records or meet with Mr. Wills. At the Court's request, the United States Attorney's office provided Mr. Wills with copies of M.G.'s medical records.

On April 3, 2006, approximately one year after the appointment of Mr. Wills, the Court conducted a status hearing. Mr. Wills advised the Court that he did not recommend prosecution of M.G.'s claim against the government based on his review of her medical records. Gallo, who managed to appear at this hearing, expressed a desire to pursue her claim against the United States and represented to the Court that she now had money with which to hire an attorney to represent herself and her daughter. To give Gallo and her daughter one last chance to litigate their claims on the merits, the Court announced its intention to dismiss the case without prejudice in two weeks if an attorney did not make an appearance. No attorney made an appearance within the two-week time frame so, as promised, the Court dismissed the case on April 17, 2006.

Unbeknownst to the Court, Gallo had filed the instant case (the "Second Action") pro se on April 14, 2006. Despite being told that she could not represent her daughter, Gallo filed the Second Action on behalf of herself and M.G. The United States has now moved to dismiss the

3

Second Action because it was filed after expiration of the six-month statute of limitations set forth in the FTCA. Gallo has not responded to the United States' Motion to Dismiss.

## II.  Analysis[1]

The United States, as a sovereign state, is immune from suit except for those to which it consents. F.D.I.C. v. Meyer, 510 U.S. 471, 486 (1994).  The FTCA waives sovereign immunity for tort claims against the United States and its employees who are working within the scope of their office. 28 U.S.C. § 1346. FTCA actions must be filed in United States District Court "within six months after the date of mailing...of notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. § 2401(b). Because the FTCA represents a waiver of sovereign immunity, its statute of limitations must be strictly construed and sparingly applied. United States v. Sherwood, 312 U.S. 584, 590 (1941); Wood v. Standard Prods., Co., 671 F.2d 825, 829 (4th Cir. 1982); Miller v United States, 803 F. Supp. 1120, 1125-26 (E.D. Va 1992); see also Lehman v Nashian, 453 U.S. 156, 181

---

1   The Court recognizes that the plaintiff, as a pro se litigant, is to be treated with deference.  See Ballard v. Carlson, 882 F.2d 93, 96 (4th Cir. 1989); Taylor v. Wal-Mart Stores, Inc., 376 F. Supp. 2d 653, 655 (E.D. Va. 2005).  As such, her Complaint is to be liberally construed.  See Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002); Noble v. Barnett, 24 F.3d 582, 587 n.6 (4th Cir. 1994); Johnson v. Pearson, 316 F. Supp. 2d 307, 313 (E.D. Va. 2004); Levy v. Jensen, 285 F. Supp. 2d 710, 713 (E.D. Va. 2003).

(1981) (holding that the statute of limitations for FTCA claims cannot be expanded by state action).

Had Gallo deigned to respond to the United States' Motion to Dismiss, she would argue that the Court should apply the doctrine of equitable tolling to suspend the running of the statute of limitations during the pendency of the First Action. However, even assuming that equitable tolling is available in a FTCA suit,[2] the doctrine is inapplicable to a case such as this one.

As a general proposition, a dismissal without prejudice leaves the plaintiff in the same position as if the suit had never been filed. Lambert v. United States, 44 F.3d 296, 300 (5th Cir. 1995); Justice v. United States, 6 F.3d 1474, 1483 (11th Cir. 1993). Applying this rule, the United States Court of Appeals for the Fifth Circuit rejected an equitable tolling claim similar to the one that Gallo would now advance. The plaintiff in Lambert timely filed suit against the United States under the FTCA. When he failed to make service within 120 days, the suit was dismissed pursuant to Fed. R. Civ. P. 4(m). Rather than appeal the dismissal, the plaintiff filed a second suit. The Fifth Circuit held that when litigants have legal remedies available to avoid the consequences of missing a statute of limitations, such as appealing the dismissal of the original

---

[2] Compare Irwin v. Veteran's Admin., 498 U.S. 89 (1990) (equitable tolling available in suits against the United States unless Congress otherwise provides) with Wood v. Standard Prods. Co., 671 F.2d 825, 829 (4th Cir. 1982) (the FTCA must be "strictly interpreted and applied in granting relief").

5

suit, equitable tolling is unavailable.  44 F.3d at 299-300.

Similarly in Justice, 6 F.3d 1474 (11th Cir. 1993), the United States Court of Appeals for the Eleventh Circuit refused to apply equitable tolling against the United States in a case involving the Public Vessels Act and the Suits in Admiralty Act. The Court held that, absent a finding of purposeful misconduct on the part of the defendant, equitable tolling is unavailable to a plaintiff who fails to act with due diligence or neglects to avail himself of available legal remedies.  Id. at 1483.

This is not to say that the filing of a first action can never toll the statute of limitations.  In Burnett v. New York Central Railroad Co., 380 U.S. 424 (1965), the Supreme Court held that the statute of limitations was equitably tolled by a timely Federal Employer's Liability Act (FELA) suit filed in Ohio state court.  Id. At 437.  After the Ohio court dismissed the action for improper venue, the plaintiff commenced an identical, albeit now untimely, action in federal court.  The Supreme Court held that when enacting the FELA, Congress intended to toll the statute of limitations during the pendency of a substantively proper suit in state court.  Crucial to the Court's decision was plaintiff's diligence in pursuing his case.

Gallo has not demonstrated anything near the due diligence required by Burnett.  Indeed, it was her own dilatory behavior that necessitated the original dismissal without prejudice. Moreover, Gallo had means of preserving her cause of action short of filing a second suit.  Out of an abundance of caution, the

Court gave her a final two weeks within which to hire a lawyer to pursue her infant daughter's claim.  When she failed to utilize this grace period, Gallo still could have appealed the resulting dismissal without prejudice.  She failed to take this step as well.  Because Gallo was dilatory and failed to take advantage of her available legal remedies, she cannot rely upon equitable tolling to avoid the FTCA's six-month statute of limitations.

### III.  Conclusion

For the aforementioned reasons, the Court **GRANTS** defendant's motion, and this case is **DISMISSED WITH PREJUDICE**.

Plaintiff is **ADVISED** that she may appeal from this Order to the United States Court of Appeals for the Fourth Circuit by forwarding a written notice of appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia, 23510.  The written notice of appeal must be received by the Clerk of this Court within sixty (60) days from the date of this Order.  Failure to file a timely notice of appeal may result in the loss of the right to an appeal.  See Fed. R. App. P. 3 and 4.

The Clerk is **DIRECTED** to forward a copy of this Opinion and Order to plaintiff Gallo and to all counsel of record.

**IT IS SO ORDERED.**

```
                                    /s/
                          Walter D. Kelley, Jr.
                       UNITED STATES DISTRICT JUDGE
```

Norfolk, Virginia
August 13, 2007